UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL DEBELJAK, et al., | : | Case No. 1:22-cv-1171 |
| Plaintiffs, | : | District Court Judge |
| -v- | : | Magistrate Judge |
| POWER PLANTER, INC., et al., | : | |
| Defendants. | : | |

___

Brian R. Herberth (0081985)
Brian P. Kelley, Esq.
John E. Corrigan, Esq.
Ernst & Young Tower
Kelley & Ferraro, LLP
950 Main Avenue, Suite 1300
Cleveland, OH  44113
PH:  216-575-0777
bherberth@kelley-ferraro.com
bpkelley@kelley-ferraro.com
jcorrigan@kelley-ferraro.com
*Attorneys for Plaintiff*

Gary E. Becker (0012716)
David Zulandt (0095516)
DINSMORE & SHOHL, LLP
North Point Tower
1001 Lakeside Ave, Suite 990
Cleveland, OH 44114
PH:  216-413-3838
FX:  216-413-3839
gary.becker@dinsmore.com
david.zulandt@dinsmore.com
*Attorneys for Defendant,*
*BLACK & DECKER (U.S.) INC.*

James J. Reagan (0081057)
6480 Rockside Woods Blvd. South, Suite 145
Independence, OH  44131
PH:  216-696-6454
FX:  216-696-0227
james_reagan@staffdefense.com

*Attorney for Defendant, Power Planter, Inc.*

___

**NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO**
___

Defendant Black & Decker (U.S.) Inc. and hereinafter "Defendant" or "B&D"), by and through its undersigned counsel, gives notice of Removal of this action to this Court pursuant to 28 U.S.C. § 1332, 1441, and 1446, and respectfully states as follows:

1. On or about June 6, 2022 Plaintiffs Michael and Jessica Debeljak ("Plaintiffs"), commenced this action, which is now pending in Cuyahoga County Common Pleas Court, Ohio, case no. CV-22-963752. On June 24, 2022, Plaintiffs filed a "Motion to Correct Docket Due to Misnomer and to File Amended Complaint Instanter." B&D obtained a copy of the Complaint on June 9, 2022, and downloaded a copy of the Motion and Amended Complaint on June 29, 2022. A copy of all process, pleadings and orders filed in Case CV-22-963752 are attached hereto as Exhibit A.

2. Removal is proper under 28 U.S.C. § 1441 where the Court has original subject matter jurisdiction over the action. This Court has original jurisdiction because (s) it is a civil action between citizens of different sates and (b) the amount-in-controversy requirements are satisfied. See 28 U.S.C. § 1332(A).

3. Plaintiffs are natural persons domiciled in the state of Ohio. Compl. ¶ 8.

4. Defendant Power Planter Inc. is an Illinois Company with its principal place of business in Illinois.

5. The John Does Defendants are fictitious persons whose identifies are currently unknown. Compl. ¶ 11.

6. B&D is a foreign corporation, organized and existing under the laws of the state of Maryland, with its principal place of business in the State of Maryland. Therefore, for purposes of diversity of citizenship, B&D was and is a citizen of the State of Maryland and neither B&D nor Power Planter Inc. are citizens of the state of Ohio. Amended Complaint par. 10.

7. There is complete diversity between Plaintiffs and Defendants. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441 because neither Defendants Power Planter Inc. nor B&D are citizens of the State of Ohio, and Plaintiffs are not citizens of Illinois or Maryland. Moreover, John Does are fictitious persons, so their citizenships are disregarded for purposes of determining diversity jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994); 28 U.S.C. § 1441.

8. Further, and as demonstrated below, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Specifically, in the Complaint and Amended Complaint, Plaintiffs allege damages as follows:

18. On May 22, 2021 while using the DIY Guru Auger Plaintiff Michael Debeljak suffered a severe injury to his left hand.

19. Surgery was performed May 27, 2021 to repair the severed flexor tendon of the left thumb, to repair the radial digital nerve of the left thumb, and to repair the ulnar digital nerve of the left thumb.

20. The surgery involved extreme risks including nerve damage, tendon damage, vascular damage, and additional surgeries.

21. The injury caused severe pain for the days leading up to and following the surgery.

22. Plaintiff Michael Debeljak works as an active police officer, fire fighter, and SWAT officer.

23. Plaintiff has lost wages from work as a result of his injury.

24. As a direct and proximate result of the Defendants' conduct, Plaintiff has incurred medical, hospital, professional, and other expenses, and has been prevented from attending to his usual activities.

25. As a direct and proximate result of the Defendants' conduct, Plaintiff further will/has sustained permanent and substantial physical deformity, loss of the use of a limb and/or permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

26. As a direct and proximate result of Defendants' conduct, Plaintiff sustained permanent injuries to his person and body; suffered great physical, mental, and nervous pain and suffering, mental anguish; suffered from reasonable and justifiable fears of progressive and irreversible incapacity to carry on his usual functions; impairment to his quality of life; disfigurement; and other tangible loss.

9. Moreover, Plaintiffs also claim entitlement to both compensatory and punitive damages. Compl. page 13.

10. A cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Hayes v. Equitable Energy Resources Co.*, 266 f.3D 560, 572 (6th Cir. 2001). The preponderance of evidence standard requires only that the defendant allege facts sufficient to establish that the plaintiff would more likely than not seek to recover more than the jurisdictional amount. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

4

11. Considering the foregoing allegations, the amount in controversy more likely than not exceeds $75,000. *Id.*; *see also Santos-Tiller v. Krispy Kreme Doughnut Corp.*, No. 16-10342, 2016 U.S. Dist. LEXIS 112786, *5-6 (E.D. Mich. Aug. 24, 2016). Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a)(1) has been met.

12. Removal of this action is timely. Pursuant to 28 U.S.C. § 1446(b), removal must be filed within 30 days after the receipt by the defendant of the initial pleading. This Notice is filed on July 1, 2022, within 30 days of its receipt of Plaintiff's Complaint on June 9, 2022, and within 30 days of its obtaining a copy of Plaintiffs' Motion and Amended Complaint on June 29, 2022.

13. The United States District Court for the Northern District of Ohio, is the proper venue for this action under 28 U.S.C. § 1441(a) because it presides over the county within which the Complaint was filed, which is Cuyahoga County, Ohio.

14. Pursuant to 28 U.S.C. § 1446(d), a copy of the initial Notice of Removal, as well as a Notice of Filing of the Notice of Removal, was filed with Cuyahoga Common Pleas Court, Ohio, and a copy of the same was served upon all parties. A copy of this filing is attached hereto.

15. B&D reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.

16. B&D reserves all defenses and objections, including, without limitation, the defenses of insufficiency of process, insufficiency of service of process, and any other defenses or objections available under applicable law, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.

WHEREFORE, Defendant B&D respectfully requests removal of this action from Cuyahoga County Common Pleas Court, Ohio to this Court for all other appropriate proceedings.

Date: July 1, 2022.

/s/ David Zulandt
Gary E. Becker (0012716)
David Zulandt (0095516)
DINSMORE & SHOHL, LLP
North Point Tower
1001 Lakeside Ave, Suite 990
Cleveland, OH 44114
PH: 216-413-3838
FX: 216-413-3839
gary.becker@dinsmore.com
david.zulandt@dinsmore.com

*Attorneys for Defendant,*
*BLACK & DECKER (U.S.) INC.*

25351343.1