# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**May 23, 2022 10:47**

By: BRIAN R. HERBERTH 0081985

Confirmation Nbr. 2556806

MICHAEL DEBELJAK, ET AL.                                    CV 22 963752

       vs.

POWER PLANTER INC., ET AL.                    **Judge:**  JOAN SYNENBERG

**Pages Filed:**  14

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DEBELJAK | ) | CASE NO. |
| JESSICA DEBELJAK | ) | |
| 7380 Ledgewood Drive | ) | JUDGE |
| Kirtland, OH 44094 | ) | |
| | ) | COMPLAINT |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| POWER PLANTER INC. f/k/a | ) | |
| POWER PLANTER CORP. | ) | |
| c/o Gregory J. Niewold | ) | |
| 931 N. 1600E Rd. | ) | |
| Loda, IL 60948 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DEWALT INTERNATIONAL TOOL CO. | ) | |
| a Subsidiary of BLACK & DECKER (U.S.) INC. | ) | |
| Black & Decker (U.S) Inc. | ) | |
| 1948 Schrock Road | ) | |
| Columbus, OH  43229 | ) | |
| | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOES 1-100 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

1.      According to the United States Consumer Product Safety Commission (US CPSC) there are over Nine-Hundred Thousand injuries a year involving power tools and equipment.

2.      According to the US CPSC there are over Two Hundred deaths per year involving

power tools and equipment.

3.      Power tools, equipment, as well as components associated with said tackle can be considered inherently dangerous and pose great risk of injuries to end users.

4.      Manufacturers of said equipment, have a heightened duty to safeguard against undue risk of injury in their design, manufacture, and use instructions to the public and those likely to use their products.

5.      Defendant Power Planter, Inc. manufactured an extremely and unnecessarily dangerous auger bit, instructed to be used with an electronic drill to dig holes into the earth.

6.      Defendant DeWalt International Tool Co. manufactures, among other things, cordless battery powered drills which contain a housing chamber or chuck, capable of receiving the end of a Defendant Power Planter, Inc. auger bit.

7.      In or around May of 2021, Plaintiff Michael Debeljak correctly inserted and used Defendant Power Planter, Inc.'s auger bit which was properly chucked in Defendant DeWalt International Tool Co.'s cordless drill.

## PARTIES

8.      At all times relevant hereto, Plaintiffs were residents of the State of Ohio.

9.      At all times relevant hereto Defendant Power Planter, Inc. f/k/a Power Planter Corp. was a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois and is conducting and has regularly conducted business in Ohio.

10.     At all times relevant hereto Defendant DeWalt International Tool Co.("DeWalt") is an American Company owned in part or whole by Defendant Black & Decker, Inc. was a corporation organized and existing under the laws of the State of Ohio with its principal

place of business in the State of Ohio.

11.     The real names and addresses of Defendants John Does 1-100 manufacturers, suppliers, and/or distributers of auger equipment and associated products have not been determined, despite reasonable efforts of the Plaintiff to do so.

12.     Defendants, all times relevant and pertinent hereto, were engaged in the business of manufacturing, supplying, and/or distributing auger equipment and cordless drills and/or otherwise participated in placing auger equipment in the stream of commerce.

## GENERAL FACTUAL ALLEGATIONS

13.     In or around May of 2021 Plaintiff Michael Debeljak purchased a Power Planter 3" x 12" DIY Guru Auger.

14.     The DIY Guru Auger was installed as specified by Defendants.

15.     The DIY Guru Auger was used as specified by Defendants.

16.     The DIY Guru Auger was installed to manufacturers specification in a DeWalt Battery Powered drill.

17.     The DIY Guru Auger failed to properly adhere to the chucking mechanism causing it to spin in an uncontrollable fashion.

18.     On May 22, 2021 while using the DIY Guru Auger Plaintiff Michael Debeljak suffered a severe injury to his left hand.

19.     Surgery was performed May 27, 2021 to repair the severed flexor tendon of the left thumb, to repair the radial digital nerve of the left thumb, and to repair the ulnar digital nerve of the left thumb.

20.     The surgery involved extreme risks including nerve damage, tendon damage, vascular damage, and additional surgeries.

21.     The injury caused severe pain for the days leading up to and following the surgery.

22.     Plaintiff Michael Debeljak works as an active police officer, fire fighter, and SWAT officer.

23.     Plaintiff has lost wages from work as a result of his injury.

24.     As a direct and proximate result of the Defendants' conduct, Plaintiff has incurred medical, hospital, professional, and other expenses, and has been prevented from attending to his usual activities.

25.     As a direct and proximate result of the Defendants' conduct, Plaintiff further will/has sustained permanent and substantial physical deformity, loss of the use of a limb and/or permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

26.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained permanent injuries to his person and body; suffered great physical, mental, and nervous pain and suffering, mental anguish; suffered from reasonable and justifiable fears of progressive and irreversible incapacity to carry on his usual functions; impairment to his quality of life; disfigurement; and other tangible loss.

27.     Plaintiffs bring this claim for relief against Defendants for product liability and negligence.

## GENERAL PRODUCT LIABILITY ALLEGATIONS

28.     At all times relevant and pertinent hereto Defendants were "manufacturers" and/or "suppliers" of products as those terms are defined under Ohio Revised Code §2307.71.

29.     "The Products" as manufactured and/or supplied by the aforementioned Defendants were defective in manufacture and construction as described in Ohio Revised Code

§2307.74; were defective in design or formulation as described in Ohio Revised Code §2307.75; were defective due to inadequate warnings and instructions as described in Ohio Revised Code §2307.76; and were defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code §2307.77.

29.    Each of the defective conditions of "the Products" as described above, pursuant to Ohio Revised Code §2307.73, were a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages as previously set forth.  Furthermore, each of the aforementioned Defendants who acted as suppliers are liable in that capacity and as if they were the manufacturers in accordance with Ohio Revised Code §2307.78.

30.    As a direct and proximate result of Defendants' defective products, Plaintiffs were permanently injured and incurred damages.

## FIRST CAUSE OF ACTION AS TO POWER PLANTER INC.
## (FAILURE TO WARN AND INSTRUCT)

31.    Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

32.    Defendants had a duty to warn the Plaintiff of all of the risks associated with their auger equipment as well as a duty to instruct the Plaintiff how to safely use and install their auger equipment.

33.    Defendants knew or should have known about the risks associated with their auger equipment.

Electronically Filed 05/23/2022 10:47 / / CV 22 963752 / Confirmation Nbr. 2556806 / CLJSZ

34.     Defendant's auger equipment at issue was defective when they left the control of the Defendants because they lacked adequate warnings about the risks associated with the auger equipment and instructions as to how to safely use and install the auger equipment when the equipment is used for its intended and reasonably foreseeable purposes.

35.     Defendant also had a duty to provide post-marketing warning and instruction about their defective auger equipment because they knew or should have known about the risks and did not warn consumers like Plaintiff.

36.     The auger equipment at issue had an increased risk of causing injuries to consumers which would subject consumers to unnecessary risks and require surgery.

37.     The auger equipment at issue in this case did in fact cause injury to Plaintiff and subjected Plaintiff to surgery.

38.     Defendants should have known about the hazards associated with their auger equipment as they are held to the level of knowledge of experts in their field.

39.     Plaintiff does not have the same knowledge as Defendants.

40.     Defendants failed to adequately warn or instruct Plaintiff of the associated dangers of auger equipment.

41.     An adequate warning or instruction would have prevented the harm caused to Plaintiffs.

42.     As a direct and proximate result of Defendant's failure to adequately warn and instruct, Plaintiffs have sustained and will continue to sustain severe physical and emotional injuries.

## <u>SECOND CAUSE OF ACTION AS TO POWER PLANTER INC.</u>
### <u>(DESIGN DEFECT)</u>

43.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

44.     Defendants had a duty to design, manufacture, distribute, and sell auger equipment that was neither defective nor unreasonably dangerous when used in its intended way.

45.     Defendants did design, manufacture, distribute, and sell auger equipment to Plaintiff.

46.     Defendants expected the auger equipment that they were designing, manufacturing, distributing, and selling to reach, and they did in fact reach, consumers in Ohio, including Plaintiff.

47.     Plaintiff is in the class or persons that Defendants should have reasonably foreseen as subject to harm from their auger equipment, as he was in the class of persons whom the auger equipment was designed to be used by.

48.     At the time the Defendant's auger equipment left their possession and entered the stream of commerce, the auger equipment was in an unreasonably dangerous and defective condition due to their tendency to slip.

49.     The auger equipment used by Plaintiff did in fact slip.

50.     At the time the Defendant's auger equipment left their possession and entered the stream of commerce, the foreseeable risks associated with their design exceeded the benefits with their design.

7

51.     At the time the Defendants' auger equipment left their possession and entered the stream of commerce, a practical and technically feasible alternative design was available that would have prevented Plaintiffs' harms.

52.     At all times relevant hereto, Plaintiff used the auger equipment for their intended and reasonably foreseeable purposes and pursuant to the instruction, guidance, education, and training provided by Defendants.

53.     Defendants knew or should have known about the unreasonably dangerous risks associated with their auger equipment.

54.     As a result of Defendants' unreasonably dangerous design, Plaintiffs' have suffered injuries as set forth herein.

## THIRD CAUSE OF ACTION AS TO POWER PLANTER INC.
## (NEGLIGENCE)

55.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

56.     Defendants owed Plaintiff a duty of reasonable care in providing safe auger equipment and/or providing adequate warnings regarding the auger equipment.

57.     Defendants failed to act with reasonable care by failing to provide an adequate warning regarding the auger equipment.

58.     Defendant's failure to act with reasonable care and failure to comply with state statutes constitutes negligence and/or negligence *per se*.

59.     Defendant's negligence and/or negligence *per se* caused injuries to Plaintiff, resulting in extensive medical procedures and other damages.

8

60.     As a direct and proximate cause of Defendant's conduct Plaintiff sustained damages in an amount to be established at trial.

## FIRST CAUSE OF ACTION AS TO DEWALT INTERNATIONAL TOOL CO. (FAILURE TO WARN AND INSTRUCT)

61.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

62.     Defendants had a duty to warn the Plaintiff of all of the risks associated with their battery powered drill as well as a duty to instruct the Plaintiff how to safely use and install tackle into the battery powered drill chuck.

63.     Defendants knew or should have known about the risks associated with their battery powered drill.

64.     Defendants' battery powered drill at issue was defective when it left the control of the Defendants because it lacked adequate warnings about the risks associated with the battery powered drill and instructions as to how to safely use and install tackle into the battery powered drill chuck when the tackle is used for its intended and reasonably foreseeable purposes.

65.     Defendant also had a duty to provide post-marketing warning and instruction about their defective battery powered drill because they knew or should have known about the risks and did not warn consumers like Plaintiff.

66.     The battery powered drill at issue had an increased risk of causing injuries to consumers which would subject consumers to unnecessary risks and require surgery.

9

67. The battery powered drill at issue in this case did in fact cause injury to Plaintiff and subjected Plaintiff to surgery.

68. Defendants should have known about the hazards associated with their battery powered drill as they are held to the level of knowledge of experts in their field.

69. Plaintiff does not have the same knowledge as Defendants.

70. Defendants failed to adequately warn or instruct Plaintiff of the associated dangers of their battery powered drill.

71. An adequate warning or instruction would have prevented the harm caused to Plaintiffs.

72. As a direct and proximate result of Defendants' failure to adequately warn and instruct, Plaintiffs have sustained and will continue to sustain severe physical and emotional injuries.

## SECOND CAUSE OF ACTION AS TO DEWALT INTERNATIONAL TOOL CO.
## (DESIGN DEFECT)

73. Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

74. Defendants had a duty to design, manufacture, distribute, and sell a battery powered drill that was neither defective nor unreasonably dangerous when used in its intended way.

75. Defendants did design, manufacture, distribute, and sell a battery powered drill to Plaintiff.

Electronically Filed 05/23/2022 10:47 / / CV 22 963752 / Confirmation Nbr. 2556806 / CLJSZ

76.     Defendants expected the battery powered drill that they were designing, manufacturing, distributing, and selling to reach, and they did in fact reach, consumers in Ohio, including Plaintiff.

77.     Plaintiff is in the class or persons that Defendants should have reasonably foreseen as subject to harm from their battery powered drill, as he was in the class of persons whom the battery powered drill was designed to be used by.

78.     At the time the Defendant's battery powered drill left their possession and entered the stream of commerce, the battery powered drill was in an unreasonably dangerous and defective condition due to their tendency for tackle to slip in the chuck.

79.     The tackle used by Plaintiff did in fact slip in the battery powered drill chuck.

80.     At the time the Defendant's battery powered drill left their possession and entered the stream of commerce, the foreseeable risks associated with their design exceeded the benefits with their design.

81.     At the time the Defendant's battery powered drill left their possession and entered the stream of commerce, a practical and technically feasible alternative design was available that would have prevented Plaintiffs' harms.

82.     At all times relevant hereto, Plaintiff used the battery powered drill for their intended and reasonably foreseeable purposes and pursuant to the instruction, guidance, education, and training provided by Defendants.

83.     Defendants knew or should have known about the unreasonably dangerous risks associated with their battery powered drill.

84.     As a result of Defendant's unreasonably dangerous design, Plaintiffs' have suffered injuries as set forth herein.

## THIRD CAUSE OF ACTION AS TO DEWALT INTERNATIONAL TOOL CO.
## (NEGLIGENCE)

85.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

86.     Defendants owed Plaintiff a duty of reasonable care in providing a safe battery powered drill and/or providing adequate warnings regarding the battery powered drill.

87.     Defendants failed to act with reasonable care by failing to provide an adequate warning regarding the battery powered drill.

88.     Defendant's failure to act with reasonable care and failure to comply with state statutes constitutes negligence and/or negligence *per se*.

89.     Defendant's negligence and/or negligence *per se* caused injuries to Plaintiff, resulting in extensive medical procedures and other damages.

90.     As a direct and proximate cause of Defendant's conduct Plaintiff sustained damages in an amount to be established at trial.

## FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS
## (LOSS OF CONSORTIUM)

91.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

92.     Plaintiff, Jessica Debeljak, has suffered a loss of consortium and has been deprived of the society, companionship, comfort, love, solace, and assistance of Plaintiff, Michael

12

Debeljak, who was injured as described above, and further that said loss is the direct and proximate result of the acts and/or omissions of the Defendants as described above.

93.    As a direct and proximate result of Defendants' conduct, Plaintiff was permanently injured and incurred damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally in excess of Twenty-Five Thousand Dollars ($25,000.00) and an amount for punitive damages, costs, expenses, and attorney fees in this action.

A trial by jury is hereby demanded to determine all issues.


Respectfully submitted,

KELLEY & FERRARO, LLP


By:    /s/ *Brian R. Herberth*
       Brian R. Herberth (0081985)
       Brian P. Kelley (0088457)
       John E. Corrigan (100710)
       Ernst & Young Tower
       950 Main Avenue, Suite 1300
       Cleveland, Ohio 44113
       (216) 575-0777
       bherberth@kelley-ferraro.com
       bpkelley@kelley-ferraro.com
       jcorrigan@kelley.ferraro.com

       Counsel for Plaintiffs

****NOTICE TO THE CLERK****

Please transmit by certified mail, return receipt requested, a copy of the Complaint to:

POWER PLANTER INC. f/k/a
POWER PLANTER CORP.
c/o Gregory J. Niewold
931 N. 1600E Rd.
Loda, IL 60948

and

DEWALT INTERNATIONAL TOOL CO.
a Subsidiary of BLACK & DECKER (U.S.) INC.
Black & Decker (U.S) Inc.
1948 Schrock Road
Columbus, OH 43229

and

JOHN DOES 1-100

Respectfully submitted,

KELLEY & FERRARO, LLP

By:     /s/Brian R. Herberth
        Brian R. Herberth (0081985)
        Brian P. Kelley (0088457)
        John E. Corrigan (100710)
        Ernst & Young Tower
        950 Main Avenue, Suite 1300
        Cleveland, Ohio 44113
        (216) 575-0777
        bherberth@kelley-ferraro.com
        bpkelley@kelley-ferraro.com
        jcorrigan@kelley.ferraro.com

        Counsel for Plaintiffs



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**STIPULATION FOR LEAVE TO PLEAD**
**June 24, 2022 10:56**

By: JAMES J. REAGAN 0081057

Confirmation Nbr. 2584847

MICHAEL DEBELJAK, ET AL.                    CV 22 963752

vs.

POWER PLANTER INC., ET AL.          **Judge:**  JOAN SYNENBERG

**Pages Filed:**  1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DEBELJAK, et al. | ) | CASE NO. CV 22 963752 |
| | ) | |
| Plaintiffs | ) | JUDGE JOAN SYNENBERG |
| | ) | |
| v. | ) | **STIPULATION FOR LEAVE** |
| | ) | **TO MOVE OR PLEAD** |
| POWER PLANTER, INC., et al. | ) | |
| | ) | |
| Defendants | ) | |

We, the attorneys for the respective parties, do hereby stipulate that the Defendant, Power

Planter, Inc. be granted leave to move or plead to Plaintiffs' Complaint for thirty (30) days,

extending answer day to July 25, 2022, and that the Court may enter an order accordingly, notice

by the Clerk being hereby waived.  Defendant has previously been granted -0- leaves to plead for

a total of -0- days.


*Brian R. Herberth (per telephone consent)*
BRIAN R. HERBERTH (0081985)
Ernst & Young Tower
950 Main Avenue, Suite 1300
Cleveland, OH  44113
Phone:  (216) 575-0777
Email:  bherberth@kelley-ferraro.com
*Attorney for Plaintiffs*

*/s/ James J. Reagan*
JAMES J. REAGAN (0081057)
6480 Rockside Woods Boulevard South
Suite 145
Independence, Ohio  44131
Phone: (216) 696-6454
Fax: (216) 696-0227
Email: James_Reagan@
staffdefense.com
*Attorney for Defendant, Power Planter, Inc.*

Motion No. <u>5017363</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION TO...**
**June 24, 2022 14:04**

By: BRIAN R. HERBERTH 0081985

Confirmation Nbr. 2585198

| | |
|---|---|
| MICHAEL DEBELJAK, ET AL. | CV 22 963752 |
| vs. | |
| POWER PLANTER INC., ET AL. | **Judge:**  JOAN SYNENBERG |

**Pages Filed:**  16

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DEBELJAK, et al., | ) | CASE NO. CV-22-963752 |
| | ) | |
| Plaintiff, | ) | JUDGE JOAN SYNENBERG |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO CORRECT DOCKET** |
| POWER PLANTER, INC., et al., | ) | **DUE TO MISNOMER AND TO FILE** |
| | ) | **AMENDED COMPLAINT INSTANTER** |
| | ) | |
| Defendants. | ) | |

Now comes plaintiff and respectfully moves this Honorable Court, pursuant to Rule 15 of

the Ohio Rules of Civil Procedure ("Civil Rules"), to correct name on the docket.

This action was commenced on May 27, 2022.  Due to a ministerial error, Black &

Decker (U.S.), Inc. was erroneously named on the Complaint as DeWalt International Tool Co.

The correct name should be Black & Decker (U.S.) Inc. This Motion is made pursuant to Civil

Rule 15, which states that leave to file an amended pleading shall be freely given when justice

requires.

Respectfully submitted,

KELLEY & FERRARO, LLP

By:     /s/ John E. Corrigan
        BRIAN R. HERBERTH (0081985)
        BRIAN P. KELLEY (0088457)
        JOHN E. CORRIGAN (100710)
        Ernst & Young Tower
        950 Main Avenue, Suite 1300
        Cleveland, Ohio 44113
        (216) 575-0777
        bherberth@kelley-ferraro.com
        bpkelley@kelley-ferraro.com
        jcorrigan@kelley-ferraro.com
        Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

The foregoing Motion to Correct the Docket and for Leave to file Amended Complaint has been electronically filed this 24th day of June, 2022, and thereby served upon all counsel of record.

/s/ *John E. Corrigan*
John E. Corrigan (100710)

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL DEBELJAK | ) | CASE NO. CV-22-963752 |
| JESSICA DEBELJAK | ) | |
| 7380 Ledgewood Drive | ) | JUDGE JOAN SYNENBERG |
| Kirtland, OH 44094 | ) | |
| | ) | AMENDED COMPLAINT |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| vs. | ) | |
| | ) | |
| POWER PLANTER INC., et al. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BLACK & DECKER (U.S.) INC. | ) | |
| In the care of, David A. Zulandt | ) | |
| Dinsmore & Shohl, LLP | ) | |
| 1001 Lakeside Avenue | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| New Party Defendant. | ) | |
| | ) | |

Plaintiffs incorporate herein by reference all of the allegations contained in the original

Complaint and all subsequent amendments thereto.

**INTRODUCTION**

1.       According to the United States Consumer Product Safety Commission (US

CPSC) there are over Nine-Hundred Thousand injuries a year involving power tools and

equipment.

2.       According to the US CPSC there are over Two Hundred deaths per year involving

power tools and equipment.

3.      Power tools, equipment, as well as components associated with said tackle can be considered inherently dangerous and pose great risk of injuries to end users.

4.      Manufacturers of said equipment, have a heightened duty to safeguard against undue risk of injury in their design, manufacture, and use instructions to the public and those likely to use their products.

5.      Defendant Power Planter, Inc. manufactured an extremely and unnecessarily dangerous auger bit, instructed to be used with an electronic drill to dig holes into the earth.

6.      Defendant Black & Decker (U.S.), Inc. manufactures, among other things, cordless battery powered drills, some of which are sold under the brand name DeWalt International Tool Co., which contain a housing chamber or chuck, capable of receiving the end of a Defendant Power Planter, Inc. auger bit.

7.      In or around May of 2021, Plaintiff Michael Debeljak correctly inserted and used Defendant Power Planter, Inc.'s auger bit which was properly chucked in Defendant Black & Decker (U.S.), Inc.'s DeWalt International Tool Co.'s cordless drill.

**PARTIES**

8.      At all times relevant hereto, Plaintiffs were residents of the State of Ohio.

9.      At all times relevant hereto Defendant Power Planter, Inc. f/k/a Power Planter Corp. was a corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois and is conducting and has regularly conducted business in Ohio.

10.     At all times relevant hereto Defendant Black & Decker (U.S.), Inc. was a corporation organized and existing under the laws of the State of Maryland with its principal place of business in the State of Maryland and is conducting and has regularly

conducted business in Ohio.

11.     The real names and addresses of Defendants John Does 1-100 manufacturers, suppliers, and/or distributers of auger equipment and associated products have not been determined, despite reasonable efforts of the Plaintiff to do so.

12.     Defendants, all times relevant and pertinent hereto, were engaged in the business of manufacturing, supplying, and/or distributing auger equipment and cordless drills and/or otherwise participated in placing auger equipment in the stream of commerce.

### GENERAL FACTUAL ALLEGATIONS

13.     In or around May of 2021 Plaintiff Michael Debeljak purchased a Power Planter 3" x 12" DIY Guru Auger.

14.     The DIY Guru Auger was installed as specified by Defendants.

15.     The DIY Guru Auger was used as specified by Defendants.

16.     The DIY Guru Auger was installed to manufacturers specification in a DeWalt International Tool Co. Battery Powered drill.

17.     The DIY Guru Auger failed to properly adhere to the chucking mechanism causing it to spin in an uncontrollable fashion.

18.     On May 22, 2021 while using the DIY Guru Auger Plaintiff Michael Debeljak suffered a severe injury to his left hand.

19.     Surgery was performed May 27, 2021 to repair the severed flexor tendon of the left thumb, to repair the radial digital nerve of the left thumb, and to repair the ulnar digital nerve of the left thumb.

20.     The surgery involved extreme risks including nerve damage, tendon damage, vascular damage, and additional surgeries.

21.     The injury caused severe pain for the days leading up to and following the surgery.

22.     Plaintiff Michael Debeljak works as an active police officer, fire fighter, and SWAT officer.

23.     Plaintiff has lost wages from work as a result of his injury.

24.     As a direct and proximate result of the Defendants' conduct, Plaintiff has incurred medical, hospital, professional, and other expenses, and has been prevented from attending to his usual activities.

25.     As a direct and proximate result of the Defendants' conduct, Plaintiff further will/has sustained permanent and substantial physical deformity, loss of the use of a limb and/or permanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities.

26.     As a direct and proximate result of Defendants' conduct, Plaintiff sustained permanent injuries to his person and body; suffered great physical, mental, and nervous pain and suffering, mental anguish; suffered from reasonable and justifiable fears of progressive and irreversible incapacity to carry on his usual functions; impairment to his quality of life; disfigurement; and other tangible loss.

27.     Plaintiffs bring this claim for relief against Defendants for product liability and negligence.

## **GENERAL PRODUCT LIABILITY ALLEGATIONS**

28.     At all times relevant and pertinent hereto Defendants were "manufacturers" and/or "suppliers" of products as those terms are defined under Ohio Revised Code §2307.71.

29.     "The Products" as manufactured and/or supplied by the aforementioned Defendants were defective in manufacture and construction as described in Ohio Revised Code

§2307.74; were defective in design or formulation as described in Ohio Revised Code §2307.75; were defective due to inadequate warnings and instructions as described in Ohio Revised Code   §2307.76; and were defective because they did not conform to representations made by their manufacturers and suppliers as described in Ohio Revised Code §2307.77.

29.     Each of the defective conditions of "the Products" as described above, pursuant to Ohio Revised Code §2307.73, were a proximate cause of the harm for which Plaintiffs seek to recover compensatory damages as previously set forth.   Furthermore, each of the aforementioned Defendants who acted as suppliers are liable in that capacity and as if they were the manufacturers in accordance with Ohio Revised Code §2307.78.

30.     As a direct and proximate result of Defendants' defective products, Plaintiffs were permanently injured and incurred damages.

**FIRST CAUSE OF ACTION AS TO POWER PLANTER INC.**
**(FAILURE TO WARN AND INSTRUCT)**

31.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

32.     Defendants had a duty to warn the Plaintiff of all of the risks associated with their auger equipment as well as a duty to instruct the Plaintiff how to safely use and install their auger equipment.

33.     Defendants knew or should have known about the risks associated with their auger equipment.

34.     Defendant's auger equipment at issue was defective when they left the control of the Defendants because they lacked adequate warnings about the risks associated with the auger equipment and instructions as to how to safely use and install the auger equipment when the equipment is used for its intended and reasonably foreseeable purposes.

35.     Defendant also had a duty to provide post-marketing warning and instruction about their defective auger equipment because they knew or should have known about the risks and did not warn consumers like Plaintiff.

36.     The auger equipment at issue had an increased risk of causing injuries to consumers which would subject consumers to unnecessary risks and require surgery.

37.     The auger equipment at issue in this case did in fact cause injury to Plaintiff and subjected Plaintiff to surgery.

38.     Defendants should have known about the hazards associated with their auger equipment as they are held to the level of knowledge of experts in their field.

39.     Plaintiff does not have the same knowledge as Defendants.

40.     Defendants failed to adequately warn or instruct Plaintiff of the associated dangers of auger equipment.

41.     An adequate warning or instruction would have prevented the harm caused to Plaintiffs.

42.     As a direct and proximate result of Defendant's failure to adequately warn and instruct, Plaintiffs have sustained and will continue to sustain severe physical and emotional injuries.

## SECOND CAUSE OF ACTION AS TO POWER PLANTER INC.
## (DESIGN DEFECT)

43.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

44.     Defendants had a duty to design, manufacture, distribute, and sell auger equipment that was neither defective nor unreasonably dangerous when used in its intended way.

45.     Defendants did design, manufacture, distribute, and sell auger equipment to Plaintiff.

46.     Defendants expected the auger equipment that they were designing, manufacturing, distributing, and selling to reach, and they did in fact reach, consumers in Ohio, including Plaintiff.

47.     Plaintiff is in the class or persons that Defendants should have reasonably foreseen as subject to harm from their auger equipment, as he was in the class of persons whom the auger equipment was designed to be used by.

48.     At the time the Defendant's auger equipment left their possession and entered the stream of commerce, the auger equipment was in an unreasonably dangerous and defective condition due to their tendency to slip.

49.     The auger equipment used by Plaintiff did in fact slip.

50.     At the time the Defendant's auger equipment left their possession and entered the stream of commerce, the foreseeable risks associated with their design exceeded the benefits with their design.

51.     At the time the Defendants' auger equipment left their possession and entered the stream of commerce, a practical and technically feasible alternative design was available that would have prevented Plaintiffs' harms.

52.     At all times relevant hereto, Plaintiff used the auger equipment for their intended and reasonably foreseeable purposes and pursuant to the instruction, guidance, education, and training provided by Defendants.

53.     Defendants knew or should have known about the unreasonably dangerous risks associated with their auger equipment.

54.     As a result of Defendants' unreasonably dangerous design, Plaintiffs' have suffered injuries as set forth herein.

## THIRD CAUSE OF ACTION AS TO POWER PLANTER INC.
### (NEGLIGENCE)

55.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

56.     Defendants owed Plaintiff a duty of reasonable care in providing safe auger equipment and/or providing adequate warnings regarding the auger equipment.

57.     Defendants failed to act with reasonable care by failing to provide an adequate warning regarding the auger equipment.

58.     Defendant's failure to act with reasonable care and failure to comply with state statutes constitutes negligence and/or negligence *per se*.

59.     Defendant's negligence and/or negligence *per se* caused injuries to Plaintiff, resulting in extensive medical procedures and other damages.

60.     As a direct and proximate cause of Defendant's conduct Plaintiff sustained damages in an amount to be established at trial.

### FIRST CAUSE OF ACTION AS TO BLACK & DECKER (U.S), INC.
### (FAILURE TO WARN AND INSTRUCT)

61.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

62.     Defendants had a duty to warn the Plaintiff of all of the risks associated with their battery powered drill as well as a duty to instruct the Plaintiff how to safely use and install tackle into the battery powered drill chuck.

63.     Defendants knew or should have known about the risks associated with their battery powered drill.

64.     Defendants' battery powered drill at issue was defective when it left the control of the Defendants because it lacked adequate warnings about the risks associated with the battery powered drill and instructions as to how to safely use and install tackle into the battery powered drill chuck when the tackle is used for its intended and reasonably foreseeable purposes.

65.     Defendant also had a duty to provide post-marketing warning and instruction about their defective battery powered drill because they knew or should have known about the risks and did not warn consumers like Plaintiff.

66.     The battery powered drill at issue had an increased risk of causing injuries to consumers which would subject consumers to unnecessary risks and require surgery.

67. The battery powered drill at issue in this case did in fact cause injury to Plaintiff and subjected Plaintiff to surgery.

68. Defendants should have known about the hazards associated with their battery powered drill as they are held to the level of knowledge of experts in their field.

69. Plaintiff does not have the same knowledge as Defendants.

70. Defendants failed to adequately warn or instruct Plaintiff of the associated dangers of their battery powered drill.

71. An adequate warning or instruction would have prevented the harm caused to Plaintiffs.

72. As a direct and proximate result of Defendants' failure to adequately warn and instruct, Plaintiffs have sustained and will continue to sustain severe physical and emotional injuries.

## SECOND CAUSE OF ACTION AS TO BLACK & DECKER (U.S.), INC. (DESIGN DEFECT)

73. Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set herein.

74. Defendants had a duty to design, manufacture, distribute, and sell a battery powered drill that was neither defective nor unreasonably dangerous when used in its intended way.

75. Defendants did design, manufacture, distribute, and sell a battery powered drill to Plaintiff.

76.    Defendants expected the battery powered drill that they were designing, manufacturing, distributing, and selling to reach, and they did in fact reach, consumers in Ohio, including Plaintiff.

77.    Plaintiff is in the class or persons that Defendants should have reasonably foreseen as subject to harm from their battery powered drill, as he was in the class of persons whom the battery powered drill was designed to be used by.

78.    At the time the Defendant's battery powered drill left their possession and entered the stream of commerce, the battery powered drill was in an unreasonably dangerous and defective condition due to their tendency for tackle to slip in the chuck.

79.    The tackle used by Plaintiff did in fact slip in the battery powered drill chuck.

80.    At the time the Defendant's battery powered drill left their possession and entered the stream of commerce, the foreseeable risks associated with their design exceeded the benefits with their design.

81.    At the time the Defendant's battery powered drill left their possession and entered the stream of commerce, a practical and technically feasible alternative design was available that would have prevented Plaintiffs' harms.

82.    At all times relevant hereto, Plaintiff used the battery powered drill for their intended and reasonably foreseeable purposes and pursuant to the instruction, guidance, education, and training provided by Defendants.

83.    Defendants knew or should have known about the unreasonably dangerous risks associated with their battery powered drill.

84.     As a result of Defendant's unreasonably dangerous design, Plaintiffs' have suffered injuries as set forth herein.

## THIRD CAUSE OF ACTION AS TO BLACK & DECKER (U.S.), INC.
## (NEGLIGENCE)

85.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

86.     Defendants owed Plaintiff a duty of reasonable care in providing a safe battery powered drill and/or providing adequate warnings regarding the battery powered drill.

87.     Defendants failed to act with reasonable care by failing to provide an adequate warning regarding the battery powered drill.

88.     Defendant's failure to act with reasonable care and failure to comply with state statutes constitutes negligence and/or negligence *per se*.

89.     Defendant's negligence and/or negligence *per se* caused injuries to Plaintiff, resulting in extensive medical procedures and other damages.

90.     As a direct and proximate cause of Defendant's conduct Plaintiff sustained damages in an amount to be established at trial.

## FOURTH CAUSE OF ACTION AS TO ALL DEFENDANTS
## (LOSS OF CONSORTIUM)

91.     Plaintiffs re-allege and incorporate each and every Paragraph set forth above, as though fully set forth herein.

92.     Plaintiff, Jessica Debeljak, has suffered a loss of consortium and has been deprived of the society, companionship, comfort, love, solace, and assistance of Plaintiff, Michael

Debeljak, who was injured as described above, and further that said loss is the direct and proximate result of the acts and/or omissions of the Defendants as described above.

93.     As a direct and proximate result of Defendants' conduct, Plaintiff was permanently injured and incurred damages.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally in excess of Twenty-Five Thousand Dollars ($25,000.00) and an amount for punitive damages, costs, expenses, and attorney fees in this action.

A trial by jury is hereby demanded to determine all issues.

Respectfully submitted,

KELLEY & FERRARO, LLP

By:     /s/ *John E. Corrigan*
        Brian R. Herberth (0081985)
        Brian P. Kelley (0088457)
        John E. Corrigan (100710)
        Ernst & Young Tower
        950 Main Avenue, Suite 1300
        Cleveland, Ohio 44113
        (216) 575-0777
        bherberth@kelley-ferraro.com
        bpkelley@kelley-ferraro.com
        jcorrigan@kelley.ferraro.com

        Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

The foregoing Amended Complaint has been electronically filed this 24th day of June, 2022, and thereby served upon all counsel of record.

/s/ *John E. Corrigan*
John E. Corrigan (100710)